UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN L. DILEY,

        Plaintiff,                      Case No. 2:22-cv-2889
                                            JUDGE EDMUND A. SARGUS, JR.
    v.                                          Magistrate Judge Kimberly A. Jolson

WILLIAM CILLES,

        Defendants

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 9), Plaintiff's Memorandum in Opposition (ECF No. 10), and Defendant's Reply (ECF No. 11).  For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.**

Plaintiff filed a complaint without the assistance of counsel.  In the complaint, he alleges that he and Defendant's mother were in a romantic relationship.  Plaintiff alleges that from March 30, 2013, to March 31, 2016, he renovated Defendant's mother's home.  After his labor and supplies provided during the renovation, which Plaintiff alleges is valued at $131,288, Defendant's mother sold the home and purchased another home.  That is where Plaintiff and Defendant's mother lived until she died on May 13, 2021.

Plaintiff alleges that he knew he "had no financial interest" in the new home.  But he alleges that Defendant's mother agreed that he would be fully reimbursed by whomever she transferred ownership in the future.  Upon her death, the home was transferred to her son, Defendant in this case.

Defendant moves to dismiss this action for failure to state a claim upon which relief may be granted. That motion is ripe for review.

## II.

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Additionally, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garret v. Belmont County Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (Citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## III.

Defendant moves to dismiss Plaintiff's complaint, arguing that Plaintiff failed to state a wage and hour claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff responds that he did not intend to state a wage and hour claim. (ECF No. 10.) In reply, Defendant cites to the criminal statutes to which Plaintiff refers in his Memorandum in Opposition, contending that there is no civil right of action under the criminal statutes.

A liberal reading of Plaintiff's complaint provides that he alleges he made an oral contract with Defendant's mother and Defendant is required to perform that contract.  However, there is no privity between Plaintiff and Defendant.  Ohio law provides that, "[i]n general, privity is the connection or relationship between two parties, each having a legally recognized interest in the same subject matter."  *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, ¶ 10, quoting *Black's Law Dictionary* 1337 (8th Ed.2004) (cleaned up).

Plaintiff, in his Memorandum in Opposition, discusses privity as follows:

> The doctrine of privity of contract, a common law principle, states in part that a contract cannot confer rights or impose obligations on any person that is not a party to the contract.
>
> Even a casual researcher will soon discover that the "United States" and "America," two distinct and unique entities, have a joint business arrangement together. Historical documentation evidences this fact. America was claimed Latin - Catholic (1493) through Inter Caetera, The Doctrine of Discovery.
>
> The fact that the United States and the Roman Catholic Church (America) are engaged in business together is not a good or a bad thing, it just is, and I am not to question this. The business they conduct is none of my concern, as I am not party to their arrangement.

(Plaintiff's Mem. in Opp. at 3, ECF No. 10.)

Plaintiff then immediately addresses "how legal presumptions originate," explaining in detail why he believes that on his date of birth "an abortion occurred and [his] delivery into this 'new world' was not completed. . . . [This is because] an abortion occurred when the attending physician clamped and then severed [his] umbilical cord.  *Id*.  This type of argument continues through the next five pages, to the end of the document.  Nowhere, however, does Plaintiff address the privity issue in any way, nor does this Court see any way the oral contract alleged between Plaintiff and Defendant's mother provides privity between he and Defendant.

3

Accordingly, even when viewing Plaintiff's complaint in the light most favorable to him and accepting the factual allegations contained therein as true, Plaintiff has failed to set forth any plausible claim upon which this Court could grant relief.

## IV.

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss. (ECF No. 9.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendant and to **CLOSE** this case.

**IT IS SO ORDERED.**

**9/5/2023**　　　　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**